UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CARLOS ALVIZO,<br><br>             Plaintiff,<br><br>       v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>             Defendant. | Case No. 2:20-cv-00805-EJY<br><br>**ORDER** |

Plaintiff Carlos Alvizo ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner" or the "Agency") denying his application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act, respectively. For the reasons below, the final decision of the Commissioner is affirmed.

## I.   BACKGROUND

On October 14, 2016, Plaintiff filed applications for DIB and SSI alleging an onset date of disability beginning December 15, 2015. Administrative Record ("AR") 204-19. The Commissioner denied Plaintiff's claims by initial determination on July 11, 2017, and again upon reconsideration on September 29, 2017. AR 51-110. On October 6, 2017, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). AR 136-137. After conducting a hearing on April 23, 2019 (AR 33-50), ALJ Michael Shilling issued his determination that Plaintiff was not disabled on May 2, 2019 (AR 16-26). Plaintiff timely requested that the Appeals Council review the decision by the ALJ, but the Appeals Council denied that request on March 23, 2020. AR 1-6. When the Appeals Council denied Plaintiff's request for review, the ALJ's May 2, 2019 decision became the final order of the Commissioner. 42 U.S.C. § 405(g). This civil action followed.

## II.   STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on correct legal standards and the legal findings are supported by substantial evidence in the record. 42

U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotation marks omitted). In reviewing the Commissioner's alleged errors, the Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986) (internal citations omitted).

"When the evidence before the ALJ is subject to more than one rational interpretation, we must defer to the ALJ's conclusion." *Batson*, 359 F.3d at 1198, *citing Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). A reviewing court, however, "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (internal citation omitted). Finally, the Court may not reverse an ALJ's decision on account of an error that is harmless. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (internal citation omitted). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

### III. DISCUSSION

**A.     Establishing Disability Under The Act**

To establish whether a claimant is disabled under the Act, there must be substantial evidence that:

> (a)     the claimant suffers from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months; and
>
> (b)     the impairment renders the claimant incapable of performing the work that the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999), *citing* 42 U.S.C. § 423(d)(2)(A). "If a claimant meets both requirements, he or she is disabled." *Id*.

The ALJ employs a five-step sequential evaluation process to determine whether a claimant is disabled within the meaning of the Act. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R.

§ 404.1520(a).  Each step is potentially dispositive and "if a claimant is found to be 'disabled' or 'not-disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098 (internal citation omitted); 20 C.F.R. § 404.1520.  The claimant carries the burden of proof at steps one through four, and the Commissioner carries the burden of proof at step five.  *Tackett*, 180 F.3d at 1098.

> The five steps are:
>
> Step 1.  Is the claimant presently working in a substantially gainful activity?  If so, then the claimant is "not disabled" within the meaning of the Social Security Act and is not entitled to [DIB].  If the claimant is not working in a substantially gainful activity, then the claimant's case cannot be resolved at step one and the evaluation proceeds to step two.  *See* 20 C.F.R. § 404.1520(b).
>
> Step 2.  Is the claimant's impairment severe?  If not, then the claimant is "not disabled" and is not entitled to [DIB].  If the claimant's impairment is severe, then the claimant's case cannot be resolved at step two and the evaluation proceeds to step three.  *See* 20 C.F.R. § 404.1520(c).
>
> Step 3.  Does the impairment "meet or equal" one of a list of specific impairments described in the regulations?  If so, the claimant is "disabled" and therefore entitled to [DIB].  If the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, then the claimant's case cannot be resolved at step three and the evaluation proceeds to step four.  *See* 20 C.F.R. § 404.1520(d).
>
> Step 4.  Is the claimant able to do any work that he or she has done in the past?  If so, then the claimant is "not disabled" and is not entitled to [DIB].  If the claimant cannot do any work he or she did in the past, then the claimant's case cannot be resolved at step four and the evaluation proceeds to the fifth and final step.  *See* 20 C.F.R. § 404.1520(e).
>
> Step 5.  Is the claimant able to do any other work?  If not, then the claimant is "disabled" and therefore entitled to [DIB].  *See* 20 C.F.R. § 404.1520(f)(1).  If the claimant is able to do other work, then the Commissioner must establish that there are a significant number of jobs in the national economy that claimant can do.  There are two ways for the Commissioner to meet the burden of showing that there is other work in "significant numbers" in the national economy that claimant can do: (1) by the testimony of a vocational expert [("VE")], or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2.  If the Commissioner meets this burden, the claimant is "not disabled" and therefore not entitled to [DIB].  *See* 20 C.F.R. §§ 404.1520(f), 404.1562.  If the Commissioner cannot meet this burden, then the claimant is "disabled" and therefore entitled to disability benefits.  *See id*.

*Id*. at 1098-99 (internal alterations omitted).

**B.     Summary of ALJ's Findings**

At step one, the ALJ determined that Plaintiff engaged in substantial gainful activity during the first three quarters of 2018. AR 21.[1] Thereafter, the ALJ also found Plaintiff did not engage in substantial gainful activity during a "continuous 12-month period," and addressed the remainder of the findings to this period of time. AR 22.

At step two, the ALJ found Plaintiff had severe medically determinable impairments of "degenerative disc disease of the cervical and lumbar spine." *Id*. At step three, the ALJ found that Plaintiff's impairment did not meet or equal any "listed" impairment in 20 C.F.R., Part 404, Subpart P, Appendix 1. AR 23.

In preparation for step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC")[2] through the date last insured to "perform light work as defined in 20 CFR 404.1567(b) and 416.967(b)[,] … lift 20 pound[s] occasionally and 10 pounds frequently, sit for 6 hours out of an 8 hour workday[,] and stand and walk for 6 hours out of an 8 hour workday." *Id*. Plaintiff "can never climb ladders, ropes, or scaffolds[, but] can occasionally crawl." *Id*. Plaintiff is limited to "occasional overhead reaching" and "must avoid unprotected heights and hazardous moving machinery." *Id*.

At step four, the ALJ found Plaintiff is "capable of performing past relevant work as a retail sales clerk" because retail work does not require Plaintiff to perform "work-related activities precluded by the claimant's" RFC. AR 26.

Based on the above, the ALJ concluded that Plaintiff "has not been under a disability, as defined in the Social Security Act, from December 15, 2015, through the date of this decision." *Id*.

**C.     Plaintiff's Symptom Testimony**

At the April 23, 2019 administrative hearing, Plaintiff testified that he is right-handed, 59 years old, 6 foot 5 inches tall, and weighs 200 pounds. AR 36. Plaintiff stated he did not progress

---

[1]     The ALJ's reference to 2013 at AR 21 is a typographical error.

[2]     "Residual functional capacity" is defined as "the most you can still do despite your limitations." 20 C.F.R. § 416.945(a)(1).

far in school, can read but cannot write in English; although he can "[m]aybe" write in Spanish. AR 37, 43.

Plaintiff is divorced and lives with his friends. AR 37. He usually does not help with housework, although he sometimes cleans the house for about "three minutes" at a time. AR 44. Plaintiff makes food for himself and does his own laundry, but Plaintiff generally does not go outside because he has no desire to do so. AR 45. Plaintiff's friend drove him to the administrative hearing. AR 37. Although Plaintiff has a driver's license, he "sometimes" suffers from "anxiety … and panic disorders" that prevent him from driving for very long. *Id*. Plaintiff quit smoking cigarettes two years ago. *Id*.

Plaintiff testified that he "like[s] to work," but that he can no longer do so because he is unable to "move or lift" heavy objects. AR 38. Plaintiff testified that he last worked in a pawn shop inventorying merchandise in the third quarter of 2018. *Id*. Prior to the pawn shop, Plaintiff worked as a "salesman," while also fulfilling lifting, shipping, receiving, and moving duties at a Caesar's Palace gallery. AR 38-39. Plaintiff stated he did a lot of "heavy lifting" while working at the gallery, including moving bronze statutes weighing up to 2,000 pounds. AR 39. Plaintiff left this job because his back, left arm, left shoulder, neck, and pinky, ring, and middle fingers on his left hand were painful. AR 39-40. Plaintiff stated his doctor believes he may have a "pinched nerve" that could require surgery. AR 40.

Plaintiff has difficulty using his left hand to hold items. For example, he does not have the strength to open soft drink bottles with that hand. *Id*. After he transitioned jobs, Plaintiff explained to his boss at the pawn shop that he could not lift heavy objects. AR 41. Plaintiff testified that he can now consistently lift 20 to 25 pounds at most. *Id*.

Plaintiff has difficulty standing for long periods. At most, Plaintiff stated he can stand for an hour before needing to sit down and take a break for at least "half-an-hour." AR 41-42. Once he rests, Plaintiff stated he can resume walking; although, he feels a "lot of fatigue." *Id*. Plaintiff has trouble with his vision and suffers from diabetes. AR 42. Plaintiff takes medication to treat depression, anxiety, diabetes, high cholesterol, and the pain in his neck. *Id*. Plaintiff feels dizziness, drowsiness, and nausea as side effects from his medication. *Id*. Plaintiff has had three sporadic

panic attacks due to his anxiety. AR 43. Plaintiff acknowledged that he could get surgery to treat the persisting pain in his back, but he is too "chicken" to go forward with surgery. *Id*.

When asked by the ALJ, Plaintiff testified it was "[p]robably" true that he worked from 2009 to 2014 in a jewelry store. AR 44. Plaintiff also confirmed he not only lifted "heavy stuff like showcases," but also worked as a "sales person" at the jewelry shop. *Id*.

D.   **Vocational Expert Testimony**

Vocational Expert ("VE") Karen Terrill testified that Plaintiff's previous job consisted of work as a "retail sales representative"[3] (physical demand at the "light" level, SVP skill level 3, a semiskilled job) and as a "stocker"[4] (physical demand at the "heavy" or "very heavy" level, SVP skill level 4, a semiskilled job). AR 46-47. Thus, the VE testified Plaintiff's past relevant work consisted of the retail sales representative *and* stocker occupations. *Id*.

The ALJ asked the VE to assume a hypothetical individual the "same age" and "educational background" as Plaintiff with the "same work history" who can "occasionally lift 20 pounds, frequently [lift] ten pounds[,] . . . [w]alk or stand six of eight hours[, s]it for six of eight hours[,] . . . never climb ropes, scaffolds or ladders[,] … occasionally crawl[,] . . . occasional[ly] overhead reach[, but must] . . . avoid unprotected heights and hazardous, moving machinery." AR 47. With these parameters in mind, the ALJ asked if this hypothetical person could return to his past work? *Id*. In response, and based on her thirty years of professional experience, the VE testified that the hypothetical person described by the ALJ could perform Plaintiff's past work as a retail sales representative as that occupation is generally or normally performed. AR 48. Nonetheless, the VE noted that the DOT does not specifically discuss the extent to which someone can reach overhead, but instead refers to "reaching in all directions," and confirmed that such an individual, "limited to sedentary work," would not have any "skills readily transferable to skilled or semiskilled" work. *Id*.

When questioned by Plaintiff's counsel, the VE testified that the hypothetical individual posed by the ALJ would not be able to perform Plaintiff's past work if the individual was limited to "occasional reaching in any direction." *Id*. The VE, again, confirmed that the DOT does not

---

[3] *Dictionary of Occupational Titles* ("DOT") number 279.357-054.
[4] DOT number 299.367-014.

6

distinguish between overhead reaching and reaching in any particular direction. *Id*. The VE further testified that, as generally performed, a retail sales representative position "requires frequent reaching, and typically [such a position involves] reaching in a plane that is in front of you." AR 48-49.

Plaintiff's told the VE that his client testified to "some difficulties due to medications," including an "inability to focus and concentrate." AR 49. The VE responded that an employer in the sales industry would "allow for off-task behavior of five to absolutely no more than ten percent of an overall workday, . . . a few seconds here, a few seconds there, type situation. Exceeding those limitations would preclude all employment." *Id*. Plaintiff's attorney also emphasized with the VE that Plaintiff "spoke of difficulties standing for long periods in the day," and ask whether the sales representative position could be "performed with a sit/stand option." *Id*. The VE responded that the position is generally not performed with a sit/stand option, although there "may be some employers that will make that accommodation, but not as a standard." *Id*. That is, a sales representative is expected to "stand and walk up to six hours a day" on the job. *Id*. Finally, the VE testified that employers "allow for half-a-day to no more than one day sick leave every month" for retail sales representatives. AR 50.

**E.    Issue Presented**

Plaintiff contends the ALJ erred at step four of the sequential evaluation process by "failing to properly address probative vocational evidence demonstrating that Plaintiff's past work was a 'composite job,'" which is a "position comprised of several separate positions listed in the [DOT]." ECF No. 27 at 6 (internal alterations omitted); *Lingenfelter v. Colvin*, Case No. 3:14-cv-00202-MMD-VPC, 2015 WL 2194310, at *6 (D. Nev. May 11, 2015).

Defendant argues Plaintiff waived his composite job argument because Plaintiff did not raise this issue at the administrative hearing, nor in his subsequent request for review of the ALJ's decision to the Appeals Council. ECF No. 28 at 6-7. In support of its waiver argument, Defendant cites to two Ninth Circuit opinions: (1) *Shaibi v. Berryhill*, 870 F.3d 874 (9th Cir. 2017), *amended and superseded on denial of rehearing by Shaibi v. Berryhill*, 883 F.3d 1102 (9th Cir. 2017), and (2) *Hurtado v. Berryhill*, 749 Fed. App'x 663 (9th Cir. 2019) (unpublished).

As discussed in greater detail below, while Defendant's reliance on *Shaibi v. Berryhill* is not without some merit, the *Hurtado* decision, as well as case law from other federal district courts, more clearly support the conclusion that Plaintiff, who was represented by counsel, waived his composite job issue by failing to raise this issue at his administrative hearing.

*Shaibi* stands for the proposition that "when a claimant fails entirely to challenge a *vocational expert's job numbers* during administrative proceedings before the agency, the claimant waives such a challenge on appeal, at least when that claimant is represented by counsel." 870 F.3d at 881 (emphasis added). Here, of course, Plaintiff's argument does not concern the VE's testimony about job numbers but, rather, the ALJ's findings on whether Plaintiff's past relevant work constituted a composite job. And while Plaintiff now points out, but failed to argue previously, it is "not the province of a VE to declare whether a given job is, or is not, a composite job, but rather for the ALJ to make this legal finding in the decision," (ECF No. 30 at 2-3 (internal alteration omitted)), the *Shaibi* decision suggests that Plaintiff's failure to raise this argument during a Social Security administrative proceeding results in waiver of the argument on appeal.

The *Hurtado* decision, albeit unpublished,[5] considered a plaintiff who argued on appeal that he had a composite job, and that it was an error for the ALJ to classify this job by its least demanding function. 749 Fed. App'x at 664. The Ninth Circuit rejected these arguments stating the plaintiff waived them because neither was "raised before the agency," but were "presented for the first time in district court." *Id*. The Ninth Circuit stated that the plaintiff, Hurtado, was represented by counsel, conceded he worked as a file clerk and performed file clerk duties, but did "not raise either issue, present any evidence, or challenge the vocational expert's testimony at the administrative hearing," which resulted in the forfeiture of the arguments. *Id*. *See also*, *Meanel v. Apfel*, to which *Hurtado* cites, stating, in relevant part, that "when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal. . . . [The Court] will only excuse a failure to comply with this rule when necessary to avoid a manifest

---

[5] The unpublished *Hurtado* opinion lacks precedential value; however, this decision may be cited to for its persuasive value. Fed. R. App. P. 32.1(a) and 36-3(b) (permitting citation to unpublished Ninth Circuit decisions issued on or after January 1, 2007 for their persuasive value).

injustice."[6] 172 F.3d 1111, 1115 (9th Cir. 1999). In *Meanel*, the Ninth Circuit explained that although "disability benefits hearings are non-adversarial in nature," a claimant must raise an issue to preserve it for appeal when he or she is represented by legal counsel because an attorney knows that "all relevant evidence should . . . be[] brought to the ALJ's attention." *Id*.

Like *Hurtado* and *Meanel*, there is no question that Plaintiff was represented by counsel and that the issue of composite jobs was not raised at the administrative hearing. AR 35 ("The claimant . . . was represented by Michael Slagaky, Attorney."), 48-50 (Plaintiff's counsel only questions the VE about an added reaching limitation to the ALJ's hypothetical, industry standards on off-task behavior, whether the sale representative position could be performed with a sit/stand option, and permitted absenteeism due to back and pain issues). Therefore, based on the Ninth Circuit case law available, this Court finds Plaintiff waived his "composite job" argument when he failed to raise the argument at the administrative level.

This conclusion is further supported by decisions from federal courts outside the Ninth Circuit. These decisions confirm that a claimant—at least when he or she is represented by counsel—waives an argument by failing to raise it at the administrative hearing stage. *Robilliard v. Comm'r of Soc. Sec.*, Case No. 19-12891, 2020 WL 6588383, at *7 (E.D. Mich. Oct. 20, 2020) (plaintiff "acknowledges that her counsel did not raise the issue of a composite job and did not address a conflict between the DOT description and the physical requirements of the job she actually performed at the administrative hearing. . . . [Plaintiff] has waived this challenge.") (internal brackets, citation, and quotation marks omitted); *Dempsey v. Saul*, Case No. 1:18CV2806, 2020 WL 1852631, at *5 (N.D. Ohio Apr. 13, 2020) (explaining that a claimant's failure to object to a classification of past work as separate jobs at the administrative hearing "waives his or her right to raise such issues in the district court.") (internal citations omitted); *Cameron v. Berryhill*, 356

---

[6] Plaintiff argues that a case decided after the *Meanel* decision, *Vertigan v. Halter*, 260 F.3d 1044 (9th Cir. 2001), which provides a "detailed discussion of the underlying law and facts" about a claimant's past relevant work including work as a receptionist and cashier, would have considered Defendant's waiver argument if it applied to the issue of composite jobs. ECF No. 30 at 2. This contention is without merit. It is true that *Vertigan* says nothing about whether the claimant in that case challenged the classification of her composite job at the administrative level, but this omission does not logically lead to the conclusion that the Ninth Circuit permitted plaintiff to raise this challenge for the first time in district court. In any event, here, it is undisputed that Plaintiff, who was represented by counsel, did not raise the issue of composite jobs at the administrative hearing. AR 35, 48-50.

F.Supp.3d 186, 192-94 (D. Mass. 2019) (providing the plaintiff "waived any argument that his prior work is best characterized as a composite job" because his counsel failed to raise this issue at the administrative level) (internal citation omitted); *Mills v. Apfel*, 84 F.Supp.2d 146, 150 (D. Me. 2000) (finding the claimant waived her argument by failing to raise it before the ALJ), *affirmed*, 244 F.3d 1 (1st Cir. 2001).

Overwhelming case law demonstrates the clear trend that a plaintiff, represented by counsel waives arguments for appeal that are not first raised at the Social Security administrative hearing level. Given that there is no dispute that Plaintiff did not raise the issue of whether his past relevant work constituted a composite job at the administrative hearing, Plaintiff cannot raise this argument before this Court. For this reason, the Commissioner's decision is affirmed.

### IV.  ORDER

IT IS HEREBY ORDERED that Plaintiff's Motion for Reversal and/or Remand (ECF No. 27) is DENIED.

IT IS FURTHER ORDRED that Defendant's Cross-Motion to Affirm (ECF No. 28) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court shall close this case and enter judgment accordingly.

DATED THIS 23rd day of February, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE